UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUSTIN L. TRIPP,<br><br>         Plaintiff,<br>  v.<br><br>CLARK COUNTY, et al.,<br><br>         Defendants. | Case No. 2:17-cv-01964-JCM-PAL<br><br>**ORDER**<br><br>(Mot. Re: USM 285 Forms – ECF No. 25;<br>Mot. Re-service– ECF No. 34;<br>Mot. Compel Info – ECF No. 35) |

   This matter is before the court on Plaintiff Justin L. Tripp's Motion re: USM 285 Forms (ECF No. 25) and Motion Requesting Re-Service and to Compel Information on Un-Served Defendants (ECF Nos. 34, 35). These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

   Mr. Tripp is a pro se prisoner in the custody of the Federal Bureau of Prisons. This case arises from his allegations, pursuant to 42 U.S.C. § 1983, regarding his treatment while he was incarcerated at the Clark County Detention Center ("CCDC"). The court reviewed the First Amended Complaint (ECF No. 14) and determined that it states five plausible claims: (1) Fourth Amendment excessive force against defendants Torres and Rose; (2) Fourteenth Amendment inadequate medical care against defendants Rose, Torres, and John Doe #1; (3) Fourteenth Amendment conditions of confinement against defendant John Doe #1; (4) Fourteenth Amendment inadequate medical care against defendants NaphCare, Inc., Dr. Duran,[1] Eric Lopez, nurse Rachel, and John Does #2, 3, 4, 5, and 6; and (5) Fourteenth Amendment inadequate medical care against defendant Esparza. Screening Order (ECF No. 18).

   The court directed the Clerk of Court to issue summons to Dr. Duran, Esparza, Lopez,

---
[1] Tripp has learned that the individual he named as "Dr. Durant" in his pleadings is actually "Dr. Duran."

1

NaphCare, nurse Rachel, Rose, and Torres, and to deliver the same to the U.S. Marshal Service ("USM") for service. *Id.*, *see also* Summonses (ECF No. 19). Defendants Rose and Lopez received service. *See* Executed Summonses (ECF Nos. 21, 23). Tripp properly submitted the USM-285 forms for defendants Torres, Dr. Duran, Esparza, and nurse Rachel; however, the USM was unable to complete service for these defendants. *See* Unexecuted Summonses (ECF Nos. 20, 22). The USM indicated that service for officer Torres could not be accepted without a first name or P. number. ECF No. 20. Dr. Duran no longer works for NaphCare. ECF No. 22. Multiple officers have the last name Esparza; thus, service cannot be made without a P. number or first name. *Id.* Finally, the return receipt for nurse Rachel states there was insufficient information to accept service because no last name was provided. *Id.*

Three defendants have now responded to the amended complaint and are represented by counsel. Rose's Answer (ECF No. 27); Lopez's Answer (ECF No. 31); NaphCare's Answer (ECF No. 36).

## DISCUSSION

Mr. Tripp asserts that he has no way to obtain the defendants' personal addresses based on his incarceration and he only knows their employers' addresses. He was anticipating that the defendants' identities and addresses would come to light during the discovery process. He wants to avoid dismissal before he obtains the information through discovery.

**I.   THE UNSERVED DEFENDANTS**

Rule 4(m) of the Federal Rules of Civil Procedure[2] states a defendant must be served within 90 days after a complaint is filed. In cases involving an incarcerated pro se plaintiff, the United States Marshals Service ("USM") serves the summons and complaint upon order of the court. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). An incarcerated plaintiff will not "be penalized by having his action dismissed for failure to effect service" if the USMS or the court clerk failed to perform their duties. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). However, it is the plaintiff's responsibility to provide the USMS with information necessary to identify and locate each defendant to be served. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on*

---

[2] All references to a "Rule" or "Rules" in this Order refer to the Federal Rules of Civil Procedure.

*other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause" for an extension of the service deadline. *Walker*, 14 F.3d at 1422 (citation omitted). Thus, although an incarcerated plaintiff is entitled to rely on the USM for service of the summons and complaint, that reliance is only proper when he/she has provided the USM with accurate and sufficient information to effectuate service. *Puett*, 912 F.2d at 275; *Walker*, 14 F.3d at 1421–22.

To obtain the information required to serve a defendant, a plaintiff may use whatever resources and means are available to him, including but not limited to: (1) contacting persons whom a plaintiff believes were witnesses to the alleged incident that forms the basis the action; (2) contacting plaintiff's or defendant's counsel or previous counsel; (3) obtaining from the appropriate source or sources copies of jail records concerning the alleged incident, such as any records of a plaintiff's administrative grievance, jail interview, or medical records; and/or (4) utilizing the subpoena procedure authorized by Rule 45.[3]

Mr. Tripp's motions ask the court to order the unserved defendants' employers to provide information about their identities and addresses. Specifically, he seeks an order requiring NaphCare to disclose information regarding Dr. Duran and nurse Rachel. Tripp also asks the court to order the Las Vegas Metropolitan Police Department ("LVMPD") to disclose the full names and addresses for officers J. Torres and Esparza.[4] *Id.* at 2–3. Torres and Rose are the LVMPD officers who, on March 21, 2016, allegedly arrested Tripp, beat him, dislocating his shoulder and fracturing his right arm, and took him to Spring Valley Hospital for x-rays and shoulder relocation. Screening Order (ECF No. 18) at 4–5. Mr. Tripp contends that officer Esparza worked a "South Tower General Population Unit on the 2nd floor on or about March 30, 2016." ECF No. 34 at 2.

---

[3] The court notes, however, that a plaintiff is responsible for tendering any appropriate witness fees should he elect to use the Rule 45 subpoena procedure during discovery. *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989) (civil rights plaintiff with IFP status is not exempt from requirement that witness fees be tendered with subpoena).

[4] Tripp's later-filed motion states that the P# for officer Torres is #15237.

To avoid the need for a subpoena *deuces tecum*, the court will direct defense counsel to attempt to identify the unserved defendants based on the information Tripp provided in his pleadings and motions. If any defendant(s) is identified, defense counsel shall file with the court under seal the full name, badge number (if applicable), and current or last known address and telephone number by **March 20, 2019**. The court will then instruct the USM to reattempt service. In addition, defense counsel shall file a notice of compliance on the public docket to inform Tripp whether any defendant(s) was identified and corresponding information for service was filed under seal. Alternatively, if counsel is authorized to accept service on behalf of any unserved defendant, counsel shall file a notice of appearance on behalf of defendant(s) by **March 20, 2019**. Tripp is cautioned that he is ultimately responsible for providing the USM with accurate and sufficient information to effectuate service. If the USM is unable to serve defendant(s) and Tripp wishes to have service attempted again, he must file a timely motion specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

The current deadline for Tripp to complete service of process is April 17, 2019, which is 90 days from entry of the court's Screening Order (ECF No. 18). He properly submitted USM-285 forms, but the USM was unable to complete service. *See* ECF Nos. 20, 22. Mr. Tripp timely filed his motions before the expiration of the service deadline asking for assistance with information to complete service. Tripp has shown good cause to extend the time for service, and the court therefore extends the deadline to accomplish service until **May 17, 2019**. Fed. R. Civ. P. 4(m); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Mr. Tripp's failure to comply with this Order by accomplishing service by **May 17, 2019**, will result in a recommendation to the district judge that any unserved defendant(s) be dismissed without prejudice.

**II. THE DOE DEFENDANTS AND UNNAMED PARTIES**

Mr. Tripp's motions seek information from NaphCare and LVMPD regarding the identities of doe defendants and to add Clark County and LVMPD as defendants in this case. He asks for information from NaphCare regarding doe defendants "Sibe," "Nurse Pat," "M," and "Jan." ECF No. 34 at 2. Tripp also asks the court to order LVMPD to disclose of the names of the booking sergeants who worked at CCDC on March 21–22, 2016.

The court previously informed Tripp that he "may either move to substitute the true names of Doe defendant(s) or move to amend his complaint to assert claims against the Doe defendant(s)" if the true identity of any individual "*comes to light during discovery*." Screening Order (ECF No. 18) at 7 n.2 (emphasis added). Parties typically engage in discovery after the court enters a scheduling order. *See* Fed. R. Civ. P. 16; LR 16-1(b). A scheduling order has not yet been entered. Court intervention is not warranted since discovery has yet to begin and Tripp may be able to obtain the information he seeks though standard discovery requests. Filing a motion with the court is not the proper procedure for requesting discovery from a party. *See* LR 26-8. Tripp should carefully review the discovery rules contained in Rules 26–36 of the Federal Rules and the Local Rules of Practice to ensure that he follows the appropriate procedures.

The motions also assert that Clark County and LVMPD should be named as defendants based on customs or policies that encouraged use of a "hitching post." ECF No. 34 at 2. The court recently explained to Mr. Tripp, if he "wishes to add any defendant to this case, he may file a motion seeking leave of the court to file a second amended complaint pursuant to Rule 15, subject to the deadlines imposed by a scheduling order." Order (ECF No. 30) (denying Pl.'s Motion to Add Additional Defs. (ECF No. 24)).

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Justin L. Tripp's Motion re: USM 285 Forms (ECF No. 25) and Motion Requesting Re-Service and to Compel Information on Un-Served Defendants (ECF Nos. 34, 35) are **GRANTED in part and DENIED in part** as explained in this order.

2. By **March 20, 2019**, counsel for NaphCare SHALL FILE NOTICE *UNDER SEAL* providing the full name, address, and telephone number of defendants Dr. Duran and "nurse Rachel," if identified after reasonable inquiry. If either defendant(s) is no longer employed with NaphCare, the sealed notice shall provide the full name, and last known address and telephone number of the former employee(s). Alternatively, if defense counsel is authorized to accept service on behalf of any unserved defendant, counsel shall file a notice of appearance by the March 20, 2019 deadline.

3. By **March 20, 2019**, counsel for officer Rose SHALL FILE NOTICE *UNDER SEAL* providing the full name, badge number address, and telephone number of defendant officers J. Torres and Esparza, if identified after reasonable inquiry. If either defendant(s) is no longer employed with LVMPD, the notice shall provide the full name, and last known address and telephone number of the former employee(s). Alternatively, if defense counsel is authorized to accept service on behalf of any unserved defendant, counsel shall file a notice of appearance by the March 20, 2019 deadline.

4. Defense counsel SHALL FILE NOTICE on the public docket by **March 20, 2019**, indicating whether any defendant(s) was identified and corresponding information was filed under seal.

5. If defense counsel identifies any defendant(s) and provides information under seal, the court will direct the Clerk of Court to reissue summons and instruct the USM to reattempt service.

6. After reattempting service, the USM will redact the return form(s) so that defendants' addresses are not made public and file a notice with the court indicating whether each defendant was served. The notice will be served on Plaintiff.

7. If the USM is unable to serve any defendant(s), and Mr. Tripp wishes to have service attempted again, he must file a timely motion specifying a more detailed name and/or address, or whether some other manner of service should be attempted.

8. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline to accomplish service is extended until **May 17, 2019**.

9. Mr. Tripp's failure to comply with this Order by serving any defendant by **May 17, 2019**, will result in a recommendation to the district judge that that the unserved defendant(s) be dismissed without prejudice.

Dated this 7th day of March 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

6