Paul A. Cardinale, SBN 8394
LAURIA TOKUNAGA GATES & LINN, LLP
1755 Creekside Oaks Drive, Suite 240
Sacramento, CA 95833
Tel: (916) 492-2000
Fax: (916) 492-2500
Email: pcardinale@ltglaw.net

**Southern Nevada Office:**
601 South Seventh Street
Las Vegas, NV 89101
Tel: (702) 387-8633
Fax: (702) 387-8635

Attorneys for NAPHCARE, INC. an Alabama Corporation; HARRY DURAN, M.D., in his individual capacity; ERIC LOPEZ, P.A., in his individual capacity; RACHEL SCHEIBLICH (formerly known as "RUDD") in her individual capacity

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN L. TRIPP,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, LAS VEGAS POLICE DEPARTMENT, OFFICER J. TORRES, OFFICER M. ROSE, JOHN DOE #1, NAPHCARE, INC., et al.<br><br>　　　　　　Defendants. | Case No.: 2:17-cv-01964-JCM-BNW<br><br>**DEFENDANTS' MOTION FOR LEAVE TO TAKE DEPOSITION OF PLAINTIFF PRO SE CONFINED IN PRISON; REQUEST FOR ORDER TO PERMIT DEPOSITION TO BE CONDUCTED REMOTELY BY VIDEO TRANSMISSION** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

　　　　Defendants NAPHCARE, INC. an Alabama Corporation; HARRY DURAN, M.D., in his individual capacity; ERIC LOPEZ, P.A., in his individual capacity; RACHEL SCHEIBLICH (formerly known as "RACHEL RUDD") in her individual capacity, by and through their counsel, Lauria Tokunaga Gates & Linn, LLP, hereby move for leave of court to

take the deposition of Plaintiff JUSTIN L. TRIPP, who is currently incarcerated at Nevada Southern Detention Center in Pahrump, Nevada. Defendants further request an Order by this Court to permit Plaintiff's deposition to be conducted remotely by video transmission given the current restrictions regarding COVID-19. This Motion is based on Federal Rules of Civil Procedure 30(a)(2)(B) and 26(b)(1) and (2), the pleadings and papers on file herein, the following memorandum or points and authorities, the affidavit of Paul A. Cardinale, Esq. and any such oral argument as may be set.

## MEMORANDUM OF POINTS & AUTHORITIES

### I.

### INTRODUCTION

Plaintiff Justin Tripp (hereinafter "Plaintiff") filed his First Amended Complaint in this matter on January 7, 2019. [ECF No. 14]. Plaintiff alleges in his First Amended Complaint that, during his arrest on March 21, 2016, Las Vegas Metropolitan Police Department Officers violated his 4th Amendment right against use of excessive force. Plaintiff additionally claims that Defendant NaphCare, Inc. (correctional medicine company) and some of its medical staff provided inadequate medical care in violation of his 14th Amendment rights while he was incarcerated at Clark County Detention Center in Las Vegas. Plaintiff's deposition has yet to be taken in this case.

Plaintiff is representing himself in this action in pro se and is currently incarcerated at Nevada Southern Detention Center in Pahrump, Nevada. Plaintiff recently filed a Motion to Extend Time to File an Amended Complaint [ECF No. 123] and a Request/Motion to Extend Deadlines [ECF No. 134] which was granted in part and denied in part by the Court during a hearing on May 5, 2020. In its Order dated May 5, 2020, the Court extended the discovery deadlines by 90 days. [ECF No. 143]. Pursuant to the Court's Order, the current discovery deadlines are as follows:

///

///

///

| | |
|---|---|
| Initial Expert Disclosure | June 28, 2020 |
| Rebuttal Expert Disclosure | July 29, 2020 |
| Discovery Deadline | August 28, 2020 |
| Last Day to File Dispositive Motions | September 28, 2020 |

In early May 2020, Counsel for Defendants contacted Nevada Southern Detention Center (hereinafter "NSDC") where Plaintiff is housed to inquire about the current policy related to inmate depositions. (Exhibit 1, Cardinale affidavit, ¶2.) Defendants' counsel was advised by NSDC and the U.S. Marshals Service that the prison is not allowing any in-person visitors into the facility, including attorneys, due to the COVID-19 restrictions. (Exhibit 1, Cardinale affidavit, ¶¶2-3.) Defendants' counsel was also advised that there was no projected date as to when the facility would begin to permit visitors again. (Exhibit 1, Cardinale affidavit, ¶3.) The U.S. Marshals Service instructed Defendants' counsel to contact CoreCivic, the company that manages NSDC, regarding the deposition. (Exhibit 1, Cardinale affidavit, ¶3.) On May 8, 2020, Defendants' counsel's office had an email exchange with Miguel Perez, Jr. from CoreCivic regarding the procedure for taking a deposition of an inmate at NSDC. (Exhibit 1, Cardinale affidavit, ¶4.) Mr. Perez advised that that the deposition could only be done by remote video transmission and only after obtaining a Court Order. (Exhibit 1, Cardinale affidavit, ¶4.) Mr. Perez also stated that once the Court approved the deposition, Defendants' counsel's office could contact him directly to coordinate the video deposition. (Exhibit 1, Cardinale affidavit, ¶4.)

Defendants now move this Court, pursuant to Federal Rules of Civil Procedure 30(a)(2)(B) and 26(b)(1) and (2), for leave to take the deposition of Plaintiff who is currently incarcerated. Defendants further respectfully request this Court for an Order allowing Plaintiff's deposition to be conducted by remote video transmission. Defendants request that the deposition be taken at a time and date that is convenient for NSDC and CoreCivic but that it be completed no later than July 15, 2020 given the current discovery deadlines.

///

///

## II.

## LEGAL ARGUMENT

### A. Leave of Court to Take Plaintiff's Deposition is Warranted

Federal Rules of Civil Procedure 30(a) states:

**(a)    When a Deposition May Be Taken.**
    **(1)**   *Without Leave.* A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

    **(2)**   *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

        **(A)**   if the parties have not stipulated to the deposition and:

            **(i)** the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;

            **(ii)** the deponent has already been deposed in the case; or

            **(iii)** the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or

        **(B)**   if the deponent is confined in prison.

Federal Rules of Civil Procedure 26(b)(1) and (2) states:

**(b)    Discovery Scope and Limits.**

    **(1)** *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

    **(2)** *Limitations on Frequency and Extent.*

        **(A)** When Permitted. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

        **(B)** Specific Limitations on Electronically Stored Information. A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

        **(C)** When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

          **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

          **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

          **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Federal Rules of Civil Procedure 30(a)(2)(B) requires that a party obtain leave of court to depose an individual who is confined in prison. Leave must be granted by the Court, to the extent consistent with Rule 26(b)(1) and (2). Defendants seek to depose Plaintiff regarding his claims as set forth in his Complaint, therefore the proposed deposition is well within the scope of discovery and does not exceed any of the limitations set forth in Rule 26(b)(2).

The parties have yet to take any depositions in this case, including Plaintiff's. While there has been written discovery exchanged among the parties, this is not an adequate

substitute for asking Plaintiff questions under oath in a deposition setting. Plaintiff is alleging that Defendants NaphCare, Inc., Harry Duran, M.D, Eric Lopez, P.A and Rachel Scheiblich (formerly known as "Rachel Rudd") denied Plaintiff medical care over a 2 ½ year period – "from March 21, 2016 thru August 10, 2018" [ECF No. 14, pg. 13, line 5.). Defendants should have the opportunity to ask Plaintiff details regarding these claims at a deposition to adequately prepare a defense for trial.

### B. Defendants Request an Order to Take Plaintiff's Deposition by Video

As noted above, Defendants have been advised by NSDC and the U.S. Marshals Service that NSDC is not allowing any visitors, including attorneys, into the facility given the current restrictions related to COVID-19. Defendants were further informed that there is no timetable as to when visitors would again be permitted. As such, Defendants were advised by CoreCivic, the management company for NSDC, that a deposition of an inmate at NSDC could only be done by remote video transmission (i.e. Zoom) and only after obtaining a Court Order. Defendants were also told that once a Court Order was obtained, Defendants could contact CoreCivic to coordinate the video deposition.

Since visitors will not be permitted into Plaintiff's facility in the foreseeable future and the discovery deadline in this case is currently set for August 28, 2020, Defendants respectfully request an Order from this Court to take Plaintiff's deposition by video conference. Defendants, of course, will pay the entire expense to conduct the video deposition. Defendants are also willing and able to take the deposition at a time and date that is convenient for CoreCivic and NSDC so long as it is prior to July 15, 2020.

///
///
///
///
///
///
///

## III.

## CONCLUSION

Based on the foregoing, Defendants NaphCare, Inc., Harry Duran, M.D., Eric Lopez, P.A. and Rachel Scheiblich (formerly known as " Rachel Rudd") request that this Court to grant them leave to take the deposition of Plaintiff Justin Tripp who is currently confined in prison. Defendants additionally respectfully request an Order from this Court permitting Defendants to take Plaintiff's deposition by remote video transmission on a date before July 15, 2020.

DATED this 19 day of May, 2020

**LAURIA TOKUNAGA
GATES & LINN, LLP**

By: _____
PAUL A. CARDINALE
Nevada State Bar No. 8394

**IT IS SO ORDERED**

**DATED: May 20, 2020**

_____
**BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE**

Attorneys for NAPHCARE, INC. an Alabama Corporation; HARRY DURAN, M.D., in his individual capacity; ERIC LOPEZ, P.A., in his individual capacity; RACHEL SCHEIBLICH (formerly known as "RUDD") in her individual capacity