1
2
3          **UNITED STATES DISTRICT COURT**
4               **DISTRICT OF NEVADA**
5                       * * *
6    JUSTIN L. TRIPP,                          Case No. 2:17-cv-1964-JCM-BNW
7                    Plaintiff,
8         v.                                   **ORDER**
9    CLARK COUNTY, et al.,
10                   Defendants.
11

12          Presently before the Court are four motions filed by Plaintiff and Defendants (ECF Nos.

13   147, 148, 160, and 161). Plaintiff filed a motion to amend his complaint and a motion for

14   permission to not use the Court's generic form. (ECF Nos. 147, 148.) Defendants filed an

15   opposition to Plaintiff's request to amend his complaint (ECF No. 153), and Plaintiff replied

16   (ECF No. 156). Plaintiff also filed a motion for a court appointed expert (ECF No. 160).

17   Defendants did not respond to this motion. Finally, Defendants filed a motion for an extension of

18   time (ECF No. 161). Plaintiff does not oppose this motion. (ECF No. 163.) The Court will

19   address each motion following a short recitation of the background of this case.

20   **I.     Background**

21          Plaintiff is a pro se prisoner. This case arises from Plaintiff's allegations that: in March of

22   2016, he was arrested by Officers Torres and Rose. While being arrested, the officers beat him

23   with their fists and metal batons. Plaintiff lost consciousness twice and suffered several injuries,

24   including a dislocated shoulder and a broken arm. After the assault, officers handcuffed Plaintiff

25   behind his back, which caused extreme pain. He was then taken to a hospital to treat his injuries

26   where, among other things, he was given a sling for his broken arm. After this, he was taken to

27   the Clark County Detention Center (CCDC) and handcuffed to a bench for approximately 24

28   hours. During this time, he could not stand up, lie down, use the restroom, get water, or feed

1    himself and was in extreme pain. A few days later, Officer Esparza at CCDC took his sling away

2    from him even though hospital staff told Plaintiff he was to wear it for several weeks.

3            As a result of these alleged events, Plaintiff filed a complaint against numerous defendants

4    and an *in forma pauperis* application. Before screening Plaintiff's complaint, the Court sent

5    Plaintiff forms and instructions for filing a Section 1983 complaint and gave him 30 days to file

6    an amended complaint. (EC No. 8.) Plaintiff filed an amended complaint on January 7, 2019.

7    (ECF No. 14.) The Court reviewed the First Amended Complaint and determined that it stated

8    five plausible claims: (1) Fourth Amendment excessive force against defendants Torres and Rose;

9    (2) Fourteenth Amendment inadequate medical care against defendants Rose, Torres, and John

10   Doe #1; (3) Fourteenth Amendment conditions of confinement against defendant John Doe #1;

11   (4) Fourteenth Amendment inadequate medical care against defendants NaphCare, Inc., Dr.

12   Duran, Eric Lopez, nurse Rachel, and John Does #2, 3, 4, 5, and 6; and (5) Fourteenth

13   Amendment inadequate medical care against defendant Esparza. (ECF No. 18 (Screening Order).)

14   The Court also dismissed defendants Clark County, Las Vegas Metropolitan Police Department

15   (LVMPD), Andrea Beckman, and Dr. Johnson without prejudice. (*Id*.)

16           Plaintiff subsequently moved to amend his complaint, which the Court denied without

17   prejudice. (*See* ECF Nos. 44, 110.) Plaintiff was given a deadline by which he needed to file an

18   amended complaint, and he subsequently sought an extension of this deadline. (*See* ECF Nos.

19   123; 143.) Plaintiff was given until July 5, 2020 to file a motion to amend (ECF No. 143), and

20   Plaintiff filed the current motion to amend on May 22, 2020. (*See* ECF Nos. 147, 148.)

21   **II.      Plaintiff's Motions to Amend (ECF No. 147)**

22           **A.      Legal Standard**

23           Generally, a party may amend its pleading once "as a matter of course" within twenty-one

24   days of serving it, or within twenty-one days after service of a responsive pleading or motion

25   under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading

26   only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

27   "The court should freely give leave when justice so requires." *Id*. "The court considers five

28   factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay,

1    prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously

2    amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

3              **B.       Analysis**

4              Defendants oppose Plaintiff's motion to amend on several grounds.

5              *First*, Defendants argue that Plaintiff's motion to amend exceeds the scope of what

6    Plaintiff asked to amend. (*See* ECF No. 153.) More specifically, Defendants argue that Plaintiff

7    asked to amend his complaint to add *Monell* claims but has added other claims (e.g., medical

8    malpractice claims), defendants, and requests for injunctive relief. (*Id.*) Accordingly to

9    Defendants, Plaintiff's motion to amend should be denied on this basis alone. (*Id.*) Plaintiff

10   disagrees, arguing that he did not just seek to add *Monell* claims and the Court never limited him

11   to only adding *Monell* claims. (*See* ECF No. 156.)

12             The Court agrees with Plaintiff. In the Court's order denying Plaintiff's prior motion to

13   amend, the Court did not limit how Plaintiff could seek to amend his complaint. (*See* ECF No.

14   110.) In Plaintiff's motion for an extension of time to file his amended complaint, he did not

15   represent that he would only be amending his complaint to add *Monell* claims, though he did

16   focus on this claim and state that his amended complaint would include a *Monell* claim. (*See* ECF

17   No. 123.) In the Court's minute order and oral ruling granting Plaintiff an extension of time to file

18   his motion to amend, the Court also did not limit how Plaintiff could seek to amend his

19   complaint. (ECF No. 143.) Additionally, Defendants have not cited any controlling authority

20   upon which the Court could or should rely to limit Plaintiff to only attempting to add *Monell*

21   claims to his complaint. (*See* ECF No. 153.) Accordingly, the Court rejects Defendants' argument

22   that Plaintiff's motion to amend should be denied because he exceeded the scope of claims he

23   was allowed to amend.

24             *Second,* Defendants argue that Plaintiff attempted to add medical malpractice claims to his

25   amended complaint; however, according to Defendants, such a claim is governed by Nevada state

26   law and amendment would be futile under NRS 41A.071. (*See id.*) More specifically, under

27   Nevada law, "[i]f an action for professional negligence is filed in the district court, the district

28   court shall dismiss the action," if it is filed without a specific affidavit attached. Nev. Rev. Stat.

1  Ann. § 41A.071 (West). Defendants argue that Plaintiff failed to attach such an affidavit to his

2  proposed amended complaint, and therefore, it must be dismissed. (*See* ECF No. 153.) Plaintiff

3  disagrees, arguing that federal courts do not have to follow Section 41A.071 because it is

4  procedural. (*See* ECF No. 156 at 7.)

5        There does not appear to be any controlling Ninth Circuit authority on whether Section

6  41A.071 is procedural or substantive. However, there is persuasive authority in the Ninth Circuit

7  that this statute is procedural, in direct conflict with the Federal Rules of Civil Procedure, and

8  thus, inapplicable in federal court. *Banner v. Las Vegas Metro. Police Dep't*, No.

9  216CV01717RFBCWH, 2017 WL 4819102, at *3 (D. Nev. Oct. 24, 2017) ("The Court finds,

10  however, that the Nevada Supreme Court's procedural determination in *Washoe Med. Ctr.* that a

11  complaint without an affidavit is legal nullity is a procedural and not a substantive determination

12  to which federal courts do not have to defer."); *Mahe v. NaphCare, Inc.*, No.

13  216CV736JCMPAL, 2016 WL 6806334, at *4 (D. Nev. Nov. 15, 2016) ("In its motion,

14  NaphCare argues that the negligence claim must be dismissed for plaintiff's failure to attach an

15  affidavit of a medical expert pursuant to NRS 41A.071 . . . The court disagrees. Section 41A.071

16  of the Nevada Revised Statutes governs actions for professional negligence filed in state court,

17  not negligence actions filed in federal court.").[1] The Court is persuaded by these cases and finds

18  that it is not obligated to follow Section 41A.071, as it is a procedural requirement. Accordingly,

19  the Court will not dismiss Plaintiff's malpractice claims on this basis.

20        *Third*, Defendants argue that Plaintiff adds new claims for injunctive relief that are not

21  adequately pled. (ECF No. 153.) Specifically, Defendants argue that Plaintiff failed to plead that

22  he would suffer irreparable harm without an injunction and that his legal remedies are inadequate.

23  (*Id.*) Plaintiff does not address the sufficiency of his pleading but instead argues that he had

24  claims for injunctive relief in his complaint from the beginning. (*See* ECF No. 156.)

25

26  _____

27  [1] There are also non-binding cases in the Ninth Circuit finding that this statute requires dismissal in federal court. However, in these cases, the issue of whether this statute is procedural or substantive does not appear to have been raised by the parties or considered by the court. Accordingly, the Court is

28  unpersuaded by these cases.

There does not appear to be any controlling Ninth Circuit law on what a litigant must plead to state a claim for injunctive relief, but there is persuasive Ninth Circuit authority that a litigant must plead that their legal remedies would be inadequate. *See Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018) ("Accordingly, the district court correctly determined that Appellants were required to plead the inadequacy of their legal remedies to state a claim for injunctive relief."). The Court is persuaded by this authority, as demonstrating that one's legal remedies are inadequate is one of the elements litigants must prove to obtain a permanent injunction. *See Arizona Dream Act Coal. v. Brewer*, 855 F.3d 957, 977 (9th Cir. 2017).

Here, Plaintiff did not specifically state that his legal remedies would be inadequate. But it is clear in two of his four requests for injunctive relief why his legal remedies would not be adequate. Plaintiff's first two requests for injunctive relief are that: (1) Defendants be required to arrange for Plaintiff to see a surgeon and undergo any necessary medical procedures and (2) Defendants be required to arrange and pay for all necessary physical therapy. (ECF No. 147-1 at 39.) Plaintiff is still incarcerated. Accordingly, it is easy to see why simply receiving monetary damages would not be adequate to solve his alleged medical problems. Plaintiff could still not receive proper treatment for his alleged injuries if Defendants do not provide him the medical care he requires. Accordingly, the Court finds that Plaintiff pled enough facts to show that his legal remedies would be inadequate (such that he can request these two forms of injunctive relief). No magic words are required.[2]

Plaintiff cannot, however, bring his third and fourth requests for injunctive relief. In Plaintiff's third request for injunctive relief, Plaintiff asks that Defendants be required to pay for any and all future surgeries. (*Id.*) The Court agrees with Defendants that Plaintiff has not adequately pled that his legal remedies (i.e. money damages) would be inadequate such that he can request this form of injunctive relief. In other words, typically, in a situation where a plaintiff

---

[2] The Court also considered Defendant NaphCare's assertion that it would be practically impossible for it to comply with Plaintiff's requests for injunctive relief. (*See* ECF No. 153 at 9.) However, this concern is premature and goes to the merits of Plaintiff's request, not whether the Court should grant leave to amend under Rule 15.

1    may require future surgeries as a result of a defendant's conduct, the plaintiff determines what

2    future surgeries he will require, what these will cost, and includes these costs in his request for

3    damages. Here, Plaintiff has not pled or demonstrated why receiving monetary damages would be

4    inadequate to pay for future surgeries such that he should be allowed to seek this form of

5    injunctive relief. Accordingly, Plaintiff will not be permitted to seek this third form of injunctive

6    relief.

7         Plaintiff also cannot bring his fourth request for injunctive relief because he lacks standing

8    to do so.[3] "Article III of the U.S. Constitution authorizes the judiciary to adjudicate only 'cases'

9    and 'controversies.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018), *cert.*

10   *denied*, 139 S. Ct. 640, 202 L. Ed. 2d 492 (2018). The doctrine of standing is an essential part of

11   the case-or-controversy requirement. *Id.* The three elements of standing are injury-in-fact,

12   causation, and redressability. *Id.* For injunctive relief, the threat of injury must be imminent, not

13   hypothetical. *Id.*

14        Here, in Plaintiff's fourth request for injunctive relief, he asks that Defendants be required

15   to remove the bench that Plaintiff was handcuffed to and change their policies so that inmates are

16   not handcuffed to benches or similar objects in the future. (ECF No. 147-1 at 39.) However,

17   Plaintiff has not alleged that he faces an imminent threat of being handcuffed to the bench (or

18   another object) again. Accordingly, he has not demonstrated that he has standing to seek an

19   injunction to remove the bench and change the alleged policies that exist around using it. As such,

20   Plaintiff will not be permitted to amend his complaint to seek this fourth request for injunctive

21   relief.

22        *Fourth*, Defendants argue that it is improper to try and add new defendants, Dr. Yarboro,

23   Dr. Mondora, and Kendra Schultz, without a separate motion. (ECF No. 153.) Defendants

24   arguments seems to be that Plaintiff should have filed a motion to substitute a party, as opposed

25

26

27   [3] While Defendants did not raise the issue of standing, "[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." *Bernhardt v. City of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002).

28

to a motion to amend, to add these defendants. However, Defendants cite neither controlling nor persuasive authority for the proposition that attempting to add new defendants by way of a motion to amend is improper. In the one case cited by defendants (*Herrera v. Ahlin*, No. 1:14-cv-00164-LJO-BAM-PC, 2017 U.S. Dist. LEXIS 1090, at *1 (E.D. Cal. Jan. 3, 2017)), plaintiff filed a motion to substitute defendants and the court granted it. However, the court did not analyze whether the proper way to add defendants was through a motion to substitute defendants or a motion to amend. *See id.* Accordingly, the case cited by defendants does not support their position that it is improper for Plaintiff to attempt to add defendants through a motion to amend. Accordingly, under LR 7-2(d), the Court rejects Defendants' argument that Plaintiff improperly tried to add Dr. Yarboro, Dr. Mondora, and Kendra Schultz through a motion to amend.

Defendants also state that they cannot accept service for Dr. Yarboro or Dr. Mondora (and suggest that they cannot accept service for Kendra Schultz, as she is a former employee). (ECF No. 153 at 10.) Accordingly, the Court will order Defendants to file Dr. Yarboro, Dr. Mondora, and Kendra Schultz's last known addresses under seal by September 28, 2020. The Court will further order the Clerk of Court to send Plaintiff three blank USM-285 forms, along with a copy of this order. Plaintiff must fill out and furnish the U.S. Marshals Service with the required USM-285 forms.[4] On the forms, Plaintiff must leave blank the Defendants' last-known addresses. The U.S. Marshals Service will acquire these addresses from Defendants' sealed filing.

### III. Plaintiff's Motion for Permission to Not Use the Court's Generic Complaint Form (ECF No. 148)

Defendants do not oppose Plaintiff's motion for permission to not use the Court's generic form. Accordingly, the Court will grant this request under LR 7-2(d).

### IV. Plaintiff's Motion for a Court Appointed Expert (ECF No. 160)

Plaintiff filed a motion asking the Court to appoint an expert under Federal Rule of Evidence 706. (ECF No. 160.) Defendants did not respond to this motion.

Rule 706(a) provides,

---

[4] The U.S. Marshals Service is located at 333 South Las Vegas Boulevard, Suite 2058, Las Vegas, Nevada 89101.

> On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing. But the court may only appoint someone who consents to act.

The Court, in its discretion, will order the parties to show cause, in writing, why an expert witness should not be appointed, as Plaintiff requests. The parties' briefs should discuss (1) whether an expert(s) should be appointed or not, (2) exactly what type of expert(s) should be appointed, if one is appointed, (3) what each expert is to issue a report about, and (4) how the expert will be compensated in accordance with Federal Rule of Evidence 706(c). The parties' briefs must also identify any experts who the party nominates to act as a court appointed expert and who consents to act as such.

## V.      Defendants' Motion for an Extension of Time (ECF No. 161)

Defendants filed a motion for a 90-day extension of the dispositive motion and joint pretrial order deadlines. (ECF No. 161.) Plaintiff does not oppose this motion. (ECF No. 163.) Accordingly, given that the Court is allowing Plaintiff to amend his complaint and that Plaintiff did not oppose this motion, the Court will grant it.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 147) is GRANTED in part and the Court will recommend that it be DENIED in part.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (ECF No. 147) is granted in all respects except as stated below.

**IT IS RECOMMENDED** that Plaintiff's motion to amend be DENIED to the extent that he seeks to add a request for injunctive relief to "Remove the Hitching Post(s) from CCDC booking areas, and alter policy to incorporate new training guidelines so that no future inmate will be subjected to being attached to benches, walls, cells, bars, immovable objects, or any other 'Hitching Posts' that CCDC may have been using wrongly" and a request for injunctive relief to "Pay for any and all future surgeries or complications that may arise out of this surgery." (ECF No. 147-1 at 39.)

**IT IS FURTHER ORDERED** that Defendants are to file Dr. Yarboro, Dr. Mondora, and Kendra Schultz's last known addresses under seal by September 28, 2020.

**IT IS FURTHER ORDERED** that the Clerk of Court send Plaintiff three blank copies of form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have until October 15, 2020 in which to furnish the U.S. Marshals Service with the required USM-285 forms.[5] On the forms, Plaintiff must leave blank the Defendants' last-known addresses. The U.S. Marshals Service will acquire these addresses from Defendants' sealed filing.

**IT IS FURTHER ORDERED** that the Clerk of Court issue summonses, under seal, to defendants Dr. Yarboro, Dr. Mondora, and Kendra Schultz, using the addresses under seal.

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this order, the sealed and issued summonses, and the operative complaint (ECF No. 147-1) on the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that upon receipt of the USM-285 forms from Plaintiff, the U.S. Marshal shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on Defendants Dr. Yarboro, Dr. Mondora, and Kendra Schultz at their last known addresses, filed under seal by Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's motion for permission to not use the Court's generic complaint form (ECF No. 148) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a court appointed expert (ECF No. 160) is GRANTED in part and DENIED in part. It is granted to the extent that the Court is ordering the parties to show cause why an expert should not be appointed. **These briefs are due by October 16, 2020**. ECF No. 160 is denied in all other respects at this time.

**IT IS FURTHER ORDERED** that Defendants' motion for an extension of time (ECF No. 161) is GRANTED.

---

[5]     The U.S. Marshals Service is located at 333 South Las Vegas Boulevard, Suite 2058, Las Vegas, Nevada 89101.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 15, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE