1

2

3
## UNITED STATES DISTRICT COURT

4
### DISTRICT OF NEVADA

5
\* \* \*

6
JUSTIN L. TRIPP,                                    Case No. 2:17-cv-01964-JCM-BNW

7
                              Plaintiff,

8
         v.                                         **ORDER**

9
CLARK COUNTY, et al.,

10
                              Defendants.

11

12
        Two motions are before the Court. First, the Court previously granted Plaintiff's motion

13
for a court-appointed expert to the extent that the Court ordered the parties to show cause why an

14
expert should not be appointed. ECF No. 164. The parties briefed this issue, which the Court will

15
address below. Ultimately, the Court, in its discretion, will not appoint an expert at this time.

16
        Second, Defendants moved the Court to reconsider one of its prior orders. ECF No. 168.

17
Plaintiff responded at ECF No. 174, and Defendants replied at ECF No. 176. The Court will grant

18
Defendants' motion in part and deny it in part.[1]

19
    **I.      Background**

20
        This case arises from Plaintiff's allegations concerning a 2016 arrest. While being

21
arrested, officers beat him. Plaintiff suffered several injuries, including a dislocated shoulder and

22
a broken arm. Plaintiff was then taken to a hospital to treat his injuries where, among other things,

23
he was given a sling for his broken arm. After this, he was taken to the Clark County Detention

24

25

26
[1] The Court notes that the parties made several arguments not discussed below. The Court reviewed these
arguments and determined that they do not warrant discussion, as they do not affect the outcome of the
motions before the Court. The Court also notes that the parties' briefs requested relief not initially

27
requested in the opening motion. The Court will not address these requests for relief, as they are improper
under LR IC 2-2(b).

28

1
2
3
4

Center (CCDC) and handcuffed to a bench for approximately 24 hours. During this time, he could not stand up, lie down, use the restroom, get water, or feed himself and was in extreme pain. A few days later, an officer at CCDC confiscated his sling even though hospital staff told Plaintiff he was to wear it for several weeks.

5

## II.    Motion for a Court-Appointed Expert

6
7
8
9
10
11
12
13

Plaintiff is an inmate who was previously proceeding pro se. While he was pro se, he filed a motion for a court-appointed expert under Federal Rule of Evidence 706. ECF No. 160. Plaintiff argued that the Court should appoint an independent expert for several reasons, including that (1) an expert may be required to fully explain the extent of Plaintiff's injuries; (2) the medical issues in the case may baffle lay people; (3) appointing an expert would avoid a wholly one-sided presentation of the evidence; (4) Plaintiff desired to have an expert dispute and provide contrasting opinions to Defendants' experts; and (5) Defendants' experts may have conflicting views about Plaintiff's injury. *See id.*

14
15
16
17
18
19
20
21
22
23
24
25
26
27

Defendants did not initially respond to Plaintiff's motion. Accordingly, the Court exercised its discretion to order the parties to show cause why an expert should not be appointed. ECF No. 164 at 8. Several defendants (the LVMPD Defendants) responded at ECF No. 180, and several other defendants (the NaphCare Defendants) responded at ECF No. 181. The LVMPD Defendants argued that the Court should not appoint an expert because such experts are primarily useful when a pro se litigant must present complex or technical evidence. ECF No. 180. Here, Defendants argue that the case does not involve complex or technical issues, and pro bono counsel has since taken Plaintiff's case, obviating any need for a court-appointed expert. *Id.* at 4, 5. Additionally, LVMPD specifically argues that the Court should not appoint a use-of-force expert because Plaintiff did not request this in his motion. *Id.* at 4-5. The NaphCare Defendants argue that the Court should not appoint an expert because (1) the *in forma pauperis* statute does not provide for the appointment of expert witnesses; (2) Rule 706 experts should be appointed to assist the Court in understanding scientific, technical, or complex matters; and (3) Plaintiff filed his motion after the expert disclosure deadline lapsed. ECF No. 181.

28

1    "[T]he court has discretion to appoint an expert under Federal Rule of Evidence 706."

2    *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051, n.7 (9th Cir. 2002). Rule 706 provides:

3    
> On a party's motion or on its own, the court may order the parties to show cause
> why expert witnesses should not be appointed and may ask the parties to submit
> nominations. The court may appoint any expert that the parties agree on and any of
> its own choosing. But the court may only appoint someone who consents to act.

4    

5    

6    Fed. R. Evid. 706(a). A Rule 706 expert acts as an advisor to the court on complex scientific,

7    medical, or technical matters that the Court needs assistance understanding. *Armstrong v. Brown*,

8    768 F.3d 975, 987 (9th Cir. 2014). Courts have discretion to deny motions for a court-appointed

9    expert when they do not need a neutral expert to understand such complex matters. *Sims v. Lopez*,

10   667 F. App'x 950-51 (9th Cir. 2016) ("The district court did not abuse its discretion by denying

11   Sims's request for a court-appointed expert after finding that it did not require a neutral expert to

12   aid its understanding of the claims."); *Berg v. Prison Health Servs.*, 376 F. App'x 723, 724 (9th

13   Cir. 2010) (district court did not abuse its discretion denying plaintiff's motion for appointment of

14   an expert under Rule 706 because the case "did not involve technical evidence or complex

15   issues").

16   Here, in the Court's discretion, it will not appoint a Rule 706 expert at this time. Based on

17   the briefing before the Court, it is not clear that there are any complex scientific, medical, or

18   technical matters that the Court needs a neutral expert to understand.

19   **III.    Motion for Reconsideration (ECF No. 168)**

20   The court "possesses the inherent procedural power to reconsider, rescind, or modify an

21   interlocutory order for cause seen by it to be sufficient" so long as the court has jurisdiction. *City*

22   *of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis

23   and quotation omitted). Generally, reconsideration of an interlocutory order is appropriate "if (1)

24   the district court is presented with newly discovered evidence, (2) the district court committed

25   clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening

26   change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th

27   Cir. 2010) (quotation omitted); *see also* Local Rule 59-1(a).

28

1   Defendants move for reconsideration of two rulings in a prior court order. ECF No. 168.

2   The Court will discuss each ruling in turn.

3   **A.      Dr. Yarbro Ruling**

4   First, the Court previously ordered Defendants to file certain peoples' addresses under seal

5   so that the U.S. Marshals could serve them. ECF No. 164 at 7, 9. One of these people was Dr.

6   Yarbro. *Id.*

7   In Defendants' motion for reconsideration, they argue that it was error for the Court to

8   order them to file Dr. Yarbro's address under seal because he never worked for Defendants, and

9   they do not have his former or current address. ECF No. 168 at 4, 10-11. In response, Plaintiff

10  argues that it "seems" false that Dr. Yarbro never worked for NaphCare. ECF No. 174 at 3. In

11  reply, Defendants explain that Dr. Yarbro was a radiologist who was never employed by

12  Defendants. ECF No. 176 at 4. Defendants further state that at the time that NaphCare had a

13  contract with CCDC to provide medical staff to it, Dr. Yarbro would, at times, interpret x-rays of

14  the inmates. *Id.* at 4-5. Dr. Yarbro was associated with Lake Mead Radiologists, but Defendants

15  do not know when Dr. Yarbro began working with Lake Mead Radiologists, if he still works

16  there, and if he was/is an employee or independent contractor there. *Id.* at 5. Finally, Defendants

17  note that NaphCare has not had the medical staffing contract with CCDC since July 2019, and as

18  such, they have not had contact with Dr. Yarbro since that time. *Id.*

19  Here, the Court finds that there is sufficient cause to modify its prior order. When the

20  Court ordered Defendants to file Dr. Yarbro's last-known address under seal, it mistakenly

21  believed that Dr. Yarbro was a former employee of NaphCare, like certain other defendants.

22  However, Defendants stated in their response brief that Dr. Yarbro never worked for NaphCare,

23  which the Court unfortunately missed. *See* ECF No. 153 at 10. Had the Court realized that Dr.

24  Yarbro was not, in fact, a former employee of Defendants, it would not have ordered Defendants

25  to file his last-known address under seal. Accordingly, the Court vacates its prior order to the

26  extent it ordered Defendants to file Dr. Yarbro's last-known address under seal.

27

28

1

**B.     Nevada Revised Statute Section 41A.071 Ruling**

2       Second, the Court previously determined that a particular Nevada Revised Statute was

3 procedural and thus, inapplicable to this case. ECF No. 164 at 4. Defendants move for

4 reconsideration of this legal determination, arguing that the Court's ruling was clear error. ECF

5 No. 168 at 4.

6       More specifically, Plaintiff previously moved to amend his complaint. ECF No. 147. As is

7 relevant to the issue before the Court, he sought to add certain medical malpractice claims.

8 Defendants argued that the Court should not allow Plaintiff to add these claims because he had

9 not complied with N.R.S. § 41A.071. Section 41A.071 provides, "If an action for professional

10 negligence is filed in the district court, the district court shall dismiss the action, without

11 prejudice, if the action is filed without" a specific affidavit attached. Defendants argued that

12 Plaintiff failed to comply with N.R.S. § 41A.071 because he did not attach the required affidavit.

13 Plaintiff, however, argued that N.R.S. § 41A.071 was procedural and inapplicable in this case.

14 The Court analyzed the issue and found that there did not appear to be any controlling Ninth

15 Circuit authority on whether Section 41A.071 was procedural or substantive; however, the Court

16 was persuaded by certain district court cases that the statute was procedural and thus, inapplicable

17 to this case. ECF No. 164 at 4.

18      Defendants argue in their motion for reconsideration that the Court's legal determination

19 was incorrect. ECF No. 168. Defendants do not cite any controlling Ninth Circuit authority

20 holding that N.R.S. § 41A.071 is substantive but instead argue that (1) several district courts in

21 the Ninth Circuit have held that the statute is substantive and (2) the Court misapplied the

22 persuasive authority upon which it relied. *Id.*

23      Plaintiff responded by arguing that the statute is procedural. ECF No. 174 at 3.

24      Defendants replied by arguing that Plaintiff did not cite any authority that refutes

25 Defendants' argument that an affidavit is required under N.R.S. § 41A.071. ECF No. 176 at 4.

26

27

28

Having reviewed the parties' briefs, the Court's prior order, and the relevant caselaw, the Court continues to believe that N.R.S. § 41A.071 is procedural and not applicable to this case. The Ninth Circuit, in an unpublished decision, recently noted that

> the affidavit requirement may be viewed as procedural, rather than substantive. *See Zohar v. Zbiegien*, 130 Nev. Adv. Op. 74, 334 P.3d 402, 406 (2014) (referring to § 41A.071 as "a preliminary procedural rule"); *Borger v. Eighth Judicial Dist. Court*, 120 Nev. 1021, 102 P.3d 600, 605 (2004) (referring to § 41A.071 as a "procedural rule of pleading"). And federal law, not state law, governs all procedural aspects of a claim under the FTCA.

*Kornberg v. United States*, 692 F. App'x 467, 469 (9th Cir. 2017). In reaching this decision, the Ninth Circuit reversed *Kornberg v. United States*, No. 214CV2165-JCM-NJK, 2015 WL 10014969 (D. Nev. Feb. 5, 2015), which dismissed a medical malpractice claim because it was filed without an affidavit under N.R.S. § 41A.071. The Court sees no reason why the result should be any different in this case. This is so because under the FTCA, "the law of the place where the act or omission occurred" governs. *See* 28 U.S.C.A. § 1346(b)(1) (West). Accordingly, here, as in *Kornberg v. United States*, 692 F. App'x at 469, Nevada provides the substantive law for a medical malpractice claim. Still, the Ninth Circuit did not apply Section 41A.071 in *Kornberg*, finding it to be procedural. As such, the Court believes that if the Ninth Circuit were to take up this issue, it would find Section 41A.071 to be procedural. *See also Spicer v. United States Dep't of Veteran Affs.*, No. 216CV03025-JAD-CWH, 2018 WL 8519741, at *1–2 (D. Nev. Jan. 26, 2018) (rejecting report and recommendation of dismissal with leave to amend for failure to comply with Section 41A.071, because *Kornberg* "suggests to me how the Ninth Circuit would approach the NRS 41A.071 affidavit requirement were it to consider this issue on appeal").[2]

---

[2] The Court also notes that all the district court cases Defendants cite in their motion were decided before *Kornberg*, 692 F. App'x 467, except for *Banner v. Las Vegas Metro. Police Dep't*, No. 216CV01717-RFB-CWH, 2017 WL 4819102, at *3 (D. Nev. Oct. 24, 2017). In *Banner,* the issue of whether Section 41A.071's *affidavit requirement* was procedural or substantive was not specifically raised and addressed; instead, it appears the parties and the court assumed it applied. 2017 WL 4819102. It appears the parties only raised, and the Court only addressed, whether Section 41A.071's *dismissal requirement* was procedural. *Id.* at *2-3.

1    Because the Court continues to be persuaded that Section 41A.071 is procedural, any error

2    in applying the holdings of *Banner v. Las Vegas Metro. Police Dep't*, No. 2016CV01717-RFB-

3    CWH, 2017 WL 4819102, at *3 (D. Nev. Oct. 24, 2017) or *Mahe v. NaphCare, Inc.*, No.

4    2016CV736-JCM-PAL, 2016 WL 6806334, at *4 (D. Nev. Nov. 15, 2016) is harmless.

5        **IT IS THEREFORE ORDERED** that the Plaintiff's request for a court-appointed expert

6    is denied without prejudice.

7        **IT IS FURTHER ORDERED** that Defendants' motion for reconsideration (ECF No.

8    168) is GRANTED in part and DENIED in part, consistent with this order.

9        **IT IS FURTHER ORDERED** that the Court's prior order at ECF No. 164 is VACATED

10   to the extent it ordered Defendants to file Dr. Yarbro's address under seal.

11       DATED: August 17, 2021

12

13   _____

14   Brenda Weksler
     United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28