UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUSTIN L. TRIPP,<br><br>　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>CLARK COUNTY, et al.,<br><br>　　　　　　　Defendant(s). | Case No. 2:17-CV-1964 JCM (BNW)<br><br>ORDER |

　　　　Presently before the court is the matter of *Tripp v. Clark County et al.*, case no. 2:17-cv-01964-JCM-BNW.

　　　　On April 26, 2021, motions for summary judgment were filed by defendants Harry Durant, Eric Lopez, Raymond Mondora, NaphCare Inc., Rachel Scheiblich, and Kendra Meyer (ECF No. 197); Cesar Esparza (ECF No. 198); Las Vegas Metropolitan Police Department (ECF No. 199); Michael Rose and Jacqulyn Schumaker (ECF No. 200); and Neldon Barrowes, Linda Buchanan, Robert Burleson, Jeanette Dillon, and Kevin Kegley (ECF No. 201).

　　　　Since then, the parties stipulated to extend plaintiff Justin Tripp's deadlines to respond to the motions six times for a total of eleven months.  (ECF Nos. 205; 206; 211;215; 217; 221).  Now, Tripp moves to extend the deadlines yet again.  (ECF No. 228).

　　　　Previously, the parties agreed to continue the deadlines to respond to the motion due to the inherent communication struggles the prison system poses between inmates and their attorneys, as well as natural delays from plaintiff's being transferred to new prisons.  This motion, however, seeks to extend deadlines to allow plaintiff's counsel time to discuss dismissal of certain defendants from this action with his client and defendants' counsel.

**James C. Mahan**
**U.S. District Judge**

The court appreciates that plaintiff's counsel appears in this matter on a pro bono basis and that he needed some additional time to respond to five motions for summary judgment in a factually dense matter like this one. However, the court is not prepared to have defendants' motions languish while the parties negotiate the best path forward.

It is well established that the district courts have the inherent power to control their dockets and manage their affairs; this includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Additionally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. When exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* FED. R. CIV. P. 1. To that end, the court considers several articulated factors when deciding whether to stay a case:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

These factors favor a brief stay of these proceedings for 30 days. Considering the parties' willingness to extend deadlines thus far, there is no possibility of damage from a 30-day stay. Contrarily, both parties may be harmed by having to move forward on motions for summary judgment on parties and legal issues that may no longer be necessary in this matter. Regardless of whether the parties successfully negotiate dismissals, the issues before the court at summary judgment will be simplified, or at the very least, solidified.

Therefore, to promote judicial efficiency and streamline the parties' motion practice, the court DENIES all pending motions (ECF Nos. 197; 198; 199; 200; 201; 228), without prejudice. In an effort to encourage the parties to discuss the potential of dismissing certain defendants and/or

**James C. Mahan**
**U.S. District Judge**

claims, the court STAYS this matter for 30 days from the date of this order, at which point the stay shall be automatically lifted. Within seven days of the stay being lifted, the parties must submit a joint status report indicating what parties and claims remain at issue for summary judgment.

    Accordingly, IT IS SO ORDERED.

    DATED March 16, 2022.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**